UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHARLES MAYO HENSON**                                                                                  **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 4:20-cv-P203-JHM**

**JAMES WYATT et al.**                                                                                   **DEFENDANTS**

### MEMORANDUM AND OPINION

*Pro se* Plaintiff Charles Mayo Henson, a pretrial detainee at the Daviess County Detention Center (DCDC), filed a 42 U.S.C. § 1983 complaint.  He names as Defendants the following DCDC employees in their individual and official capacities:  Lt. Deputy James Wyatt, Major Deputy James Moore, and Jailer Arthur Maglinger.  He also sues DCDC.  Plaintiff alleges numerous "Inhumane Conditions of Confinement," such as overcrowding, unsanitary conditions in the bathrooms and cells, and having to sleeping on a mat in the floor in those conditions.[1]  As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

Because Plaintiff is a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity, the Court must review the instant action under 28 U.S.C. § 1915A.  On this review, the Court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The official-capacity claims against Defendants are actually against their employer, Daviess County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits

---

[1] The Fourteenth Amendment applies to Plaintiff's claims since he is a pretrial detainee, not a convicted prisoner to which the Eighth Amendment applies.  *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

Further, the claims against the DCDC are actually against Daviess County as the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

As the DCDC is not an entity which may be sued,

**IT IS ORDERED** that the **Clerk of Court is DIRECTED to terminate** the DCDC as a party to this action.

**The Court will allow the complaint to continue against Defendants Wyatt, Moore, and Maglinger in their individual and official capacities**. In allowing the complaint to proceed, the Court passes no judgment upon its merit or the ultimate outcome of this action.

The Court will enter a separate Service and Scheduling Order to govern the development of this action.

Date: May 13, 2021

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011